## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| CHRISTIAN BALDERAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: |
| ) | |
| TARGET CORPORATION ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Target Corporation, by counsel, Edward W. Hearn of JOHNSON & BELL, P.C., pursuant to Title 28 U.S.C. §§ 1332, 1441 and 1446, and hereby files its Notice of Removal of the cause entitled Christian Balderas v. Target Corporation, filed in the Lake Superior Court, Lake County, Indiana, under cause number 45D10-1705-CT-89. As grounds for removal, Defendant states as follows:

1. Plaintiff commenced an action against the above-referenced Defendant on May 3, 2017, by filing a Complaint in the Lake Superior Court of Lake County, Indiana, under Cause Number 45D10-1705-CT-89. A true and correct copy of the Complaint is attached hereto and made a part of this Notice of Removal as "Exhibit A".

2. On June 22, 2017, Defendant, Target Corporation, ascertained that the case is one which is or has become removable when the Plaintiff refused to stipulate that damages would not exceed seventy-five thousand dollars ($75,000.00) and this notice is filed within thirty (30) days of receipt of the Plaintiff's refusal.

3. Defendant, Target Corporation, is a Minnesota corporation with its principle place of business in Minneapolis, Minnesota. Accordingly, pursuant to federal law, Target Corporation is considered to be a citizen of the State of Minnesota.

4. The Plaintiff, Christian Balderas, is citizen of the State of Indiana.

5. Since the Plaintiff and Defendant are "citizens" of different states, there is complete diversity of citizenship between the Plaintiff, Christian Balderas, and the Defendant, Target Corporation, pursuant to 28 U.S.C. Section 1332(a).

6. In an effort to determine the amount in controversy, on June 21, 2017, the Defendant served Plaintiff's counsel, Alex Mendoza, with a request for a stipulation that the amount in controversy was less than seventy-five thousand dollars ($75,000.00). Defendant further indicated that if the stipulation were not signed by June 28, 2017, Defendant would seek to remove the case to Federal Court. On June 22, 2017, Attorney Mendoza indicated he would not enter into the stipulation.

7. The Seventh Circuit has held that if a plaintiff really wants to prevent removal, she should stipulate to damages not exceeding the $75,000 jurisdictional limit. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints. *Id*. A stipulation will have the same effect as a statute that limits a plaintiff to the recovery sought in the complaint. *Id*. The Seventh Circuit determined in *Oshana*, that the plaintiff's refusal to admit that her recovery would not exceed $75,000 raised the reasonable inference that it would. *Id*.

8. Although the Defendant denies the material allegations of the Plaintiff's Complaint, based upon information and the Plaintiff's refusal to enter into a stipulation limiting his damages to less than $75,000.00, there is a reasonable probability that the amount in controversy exceeds the seventy-five thousand dollars ($75,000.00) jurisdictional amount, exclusive of interests and costs.

9. This Court has original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. Section 1332. This action may be removed pursuant to the provisions of 28 U.S.C. Section 1441 and Section 1446 because the matter in controversy exceeds the sum of

seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

10. Defendant, Target Corporation, has filed this Notice for Removal within thirty (30) days of receipt of notice of Plaintiff's denial of the requests for admissions regarding the amount in controversy, which occurred on June 22, 2017.

11. Upon filing this Notice for Removal, the Defendant, Target Corporation, will give written notice of the filing of this Notice for Removal to all attorneys of record and the Clerk of the Porter County Superior Court.

12. The Defendant, Target Corporation, demands a trial by jury on all issues triable by jury.

>Respectfully submitted,
>
>JOHNSON & BELL, P.C.
>
>By: /s/Edward W. Hearn
>Edward W. Hearn, #18691-64
>Angelo P. Politakis, #33817-45
>11501 Broadway, Ste. B
>Crown Point, IN 46307
>219/791-1900
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2017, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system and sent notification of such filing to the all counsel of record.

Alex Mendoza
6950 Indianapolis Blvd.
Hammond, IN 46324
219/200-2000
*Attorney for Plaintiff*

>/s/ Edward W. Hearn