# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |  | |
|---|---|---|---|
| CHRISTIAN BALDERAS, | ) | | |
|    Plaintiff, | ) | | |
| | ) | | |
|        v. | ) | CAUSE NO.: 2:17-CV-270-JEM | |
| | ) | | |
| TARGET CORPORATION, | ) | | |
|    Defendant. | ) | | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Extend Discovery [DE 35] and Plaintiff's Motion to Compel [DE 36], filed by Plaintiff on November 27, 2018. On December 10, 2018, Defendant filed responses to the motions, and on December 17, 2018, Plaintiff filed replies. Plaintiff requests that the Court compel certain information requested in discovery and extend the fact discovery deadline.

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). The party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery.

*Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Plaintiff's Complaint alleges that he slipped and fell on a substance on the floor at one of Defendant's stores. Plaintiff requests discovery he claims will help determine whether Defendant had notice of the substance on the floor prior to his fall. In particular, Plaintiff seeks vendor logs to identify why a vendor might have delivered products that match the substance described by Plaintiff as being on the floor where she fell, a floor plan of the store premises indicating where the surveillance cameras were located at the time of the event, and access to the live surveillance feed to determine which of the cameras are recording video.

Defendant objects to the requested discovery. It contends that the only issue in this case is whether Plaintiff has evidence that the store had notice or should have had notice of the substance alleged to be on the floor, and that the discovery sought by Plaintiff will not demonstrate that it had notice. It argues that the fact that vendor logs might give information about a hazard is speculation, that since its representative testified that there was no camera in the immediate area of the incident information about camera locations is not relevant, and that a live feed now will not demonstrate whether there was a substance on the floor at the time of the incident. However, the question before the Court is not whether the requests will definitely lead to admissible evidence, but whether the information requested reasonably bears on an issue in the case. Plaintiff's requests for information about the location of cameras, the view available from the cameras, and who might have been in the area of the incident are reasonably calculated to lead to the discovery of admissible evidence. Much of Defendant's argument is that Plaintiff does not have any evidence to meet its burden of proving notice, but at this stage in the proceedings, it is appropriate to allow Plaintiff to attempt to discover

the evidence in support of his case, and Plaintiff has given clear reasons for why he believes the requested discovery is relevant to building his case.

Defendant also argues that Plaintiff's requests amount to a fishing expedition and are unduly burdensome, but, other than calling the requests burdensome and intrusive, does not explain that obtaining the information is particularly expensive, for example, or that there are specific logistical challenges, or otherwise give any information for the Court to conclude that it has met its burden of showing that the requests are improper.

Plaintiff also requests an extension of the discovery deadlines in this case. The fact discovery deadline was November 2, 2018, and Plaintiff represents that the parties scheduled the deposition of an important Rule 30(b)(6) representative for a date after the close of discovery. In addition, Plaintiff represents that he requested other discovery prior to the expiration of the deadline, but that the parties were unable to reach resolution of the dispute, necessitating the Motion to Compel. Defendant objects to the requested extension.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether the neglect was excusable, the
Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)

(quotations and citations omitted).

Defendant argues that Plaintiff has not shown excusable neglect for failing to request the extension before the deadline expired. However, Plaintiff explains that the parties agreed to schedule at least one deposition after the discovery deadline, Plaintiff may need follow-up information from that deposition, and Plaintiff is still seeking discovery from Defendant that was requested prior to the deadline. In addition, time is now needed for Defendant to provide the information as ordered herein. The Court concludes that the relatively brief delay between the deadline and the requested extension, coupled with the ongoing interaction between the parties to resolve outstanding discovery requests, was due to excusable neglect, and that there is good cause for an extension of the deadline.

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Extend Discovery [DE 35] and Plaintiff's Motion to Compel [DE 36]. The Court **ORDERS** that the fact discovery deadline is extended to **January 31, 2019**, and **ORDERS** Defendant to provide the information requested by Plaintiff, as described above, before the expiration of the deadline.

Because the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court **ORDERS** Plaintiff to file, on or before **January 9, 2019**, an itemization of its costs and fees incurred in making the motion to compel, along with argument as to why those expenses are reasonable in this situation, with Defendants to respond on or before **January 23, 2019**, and Plaintiff to file a reply, if any, on or before **January 30, 2019**.

SO ORDERED this 20th day of December, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN

cc: All counsel of record