# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHRISTIAN BALDERAS, <br> Plaintiff, <br> <br> v. <br> <br> TARGET CORPORATION, <br> Defendant. | ) <br> ) <br> ) <br> )     CAUSE NO.:2:17-CV-270-JEM <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Petition for Costs and Fees Incurred in the Making of It's (sic) Motion to Compel [DE 47], filed January 9, 2019. On December 20, 2018, the Court granted Plaintiff's Motion to Compel and set a briefing schedule for the attorney's fees incurred in filing the motion. The instant Motion requests fees and costs in the amount of $4,502.50. Defendant filed a response objecting to the fees on January 16, 2019, and on January 30, 2019, Plaintiff filed a reply.

Rule 37 provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Plaintiff's Motion to Compel was granted, so it is up to Defendant to demonstrate that its nondisclosure was substantially justified or other circumstances make an award of attorney fees

unjust. Defendant argues that its objections to the requested discovery were reasonable because it had filed a motion for summary judgment and considered the information requested to be outside the scope of that motion, and because prior testimony indicated that the discovery requests were unlikely to reveal admissible information. Plaintiff argues that his requests were reasonably targeted to lead to admissible information, which is the conclusion the Court reached in its Opinion and Order. The filing of a motion for summary judgment does not necessarily cut off discovery, and Plaintiff explicitly laid out his need for this discovery in order to file a complete response to the motion for summary judgment. The Court concludes that Defendant's nondisclosure was not substantially justified, and Defendant has not identified any circumstances that would make the award of expenses unjust.

Defendant also disputes the amount of the costs and fees requested by Plaintiff. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted).

Plaintiff requests payment of 6 attorney hours at $275 per hour, 5.5 paralegal hours at $100 per hour, and 30.7 law clerk hours at $75 per hour, for a total of $4,502.50. Defendant does not dispute the rates charged in this case, other than to point out a discrepancy between a stated rate of $225 per attorney hour in the text of the brief and a rate of $275 per hour reflected in the itemization, which Plaintiff explains was a clerical error. The Court accepts this explanation and finds that Plaintiff has demonstrated that an hourly rate of $275 for an attorney is reasonable.

Defendant argues that some of the work described in the itemization would have had to be done even apart from the motion to compel, such as reviewing deposition transcripts and reviewing discovery requests, and therefore is not compensable. However, drafting of the motion to compel necessarily required counsel to review discovery that had been provided and what was still needed, including indications from previous documents and depositions of what missing information should be sought. Accordingly, the Court will permit recovery for the discovery review as described in the itemization. Defendant argues that Plaintiff should not be reimbursed for work related to preparing the petition of costs. Since those fees were expended as a result of and in relation to the successful motion to compel, they are also awarded.

Defendant also objects to reimbursement for clerical tasks related to the filing of the briefs, like scanning and saving exhibits. Clerical or secretarial tasks such as "organizing file folders, document preparation, and copying documents" should not be billed to a paralegal. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) ("The relevant inquiry for requested paralegal fees is "whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder."') (quoting *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir.1996)). Accordingly, it decreases the number of hours billed to the paralegal by 2.5 hours, a decrease of $250, reflecting the secretarial nature of the entirety of the time entry on December 17 and a portion of that itemized on November 27.

For the foregoing reasons, the Court hereby approves and **GRANTS in part** the Plaintiff's Petition for Costs and Fees Incurred in the Making of It's (sic) Motion to Compel [DE 47], and

**ORDERS** Defendant to reimburse Plaintiff in the sum of $4,252.50 in attorney fees within a reasonable time.

SO ORDERED this 27th day of March, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record