# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHRISTIAN BALDERAS,<br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:17-CV-270-JEM<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel [DE 53], filed March 4, 2019. On March 14, 2019, Defendant filed a response, and on March 21, 2019, Plaintiff filed a reply. Plaintiff requests that the Court compel disclosure of the personnel file of a witness to the events underlying the dispute.

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). The party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832,

837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Plaintiff's Complaint alleges that he slipped and fell on a substance on the floor at one of Defendant's stores. Plaintiff requests information about the store employee who allegedly witnessed the substance on the floor and cleaned it up in order to locate and depose him. Plaintiff represents that Defendant refused to provide the emergency contact information in the employee's file, and Plaintiff was unable to locate the employee, so Plaintiff requested the entire personnel file. Defendant argues that Plaintiff's request for the employment file was untimely, coming after discovery closed, and that Plaintiff is not entitled to the entire file. Defendant agrees that Plaintiff may receive contact information for the employee, and asserts that it provided updated contact and address information for the employee after receiving the request. It argues that the request for the entire personnel file is not proportional to the needs of the case and violates the employee's privacy rights. Plaintiff argues that the employee cannot be located with the information Defendant provided, and Defendant still refuses to provide emergency contact information or other information from the personnel file that may be useful in finding him.[1]

The Court first turns to the argument that Plaintiff's request was untimely. Defendant asserts that Plaintiff served the request for production on November 3, 2018, one day after the fact discovery deadline of November 2, 2018. In this case, the request was served only a few hours after the deadline expired, Defendant was not prejudiced by the short delay, and, given the discovery difficulties in the case and the fact that the Court later extended the fact discovery deadline for

---

[1] In the reply brief, Plaintiff also argues for the first time that there is likely to be other relevant information in the personnel file, such as discipline, employment history, and training, but since the assertion is not developed and arguments raised for the first time in a reply brief are generally deemed waived, the Court will not address the relevancy of other possible information in the file. *See Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004).

several more months, it concludes that the failure to timely act was excusable. *See, e.g., Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005); Fed. R. Civ. P. 6(b). It therefore turns to the merits of the discovery request.

As courts have recognized, provision of personnel folders "may infringe on the privacy interests of non-parties. While it is true that no privilege exists to protect personnel files, courts recognize that such information is sensitive, and that they should weigh the value of the information sought against the burden of providing it." *Doyle v. City of Chicago*, 943 F. Supp. 2d 815, 828 (N.D. Ill. 2013). Accordingly, the Court "ha[s] broad discretion to limit a request for the discovery of personnel files, in order to prevent the dissemination of personal or confidential information about employees." *Brunker v. Schwan's Home Serv., Inc.*, 583 F.3d 1004, 1010 (7th Cir. 2009) (citing *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003)). The Seventh Circuit Court of Appeals has directed the district court considering whether a personnel file should be produced to "consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truth-seeking function' in the particular case before the court." *Brunker*, 583 F.3d at 1010 (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)); *see also, e.g., Baker v. Town of Middlebury*, 753 N.E.2d 67, 72 (Ind. Ct. App. 2001) (noting the important "public policy protecting the privacy rights of individuals with respect to sensitive personnel matters" in Indiana).

In this case, Plaintiff argues that he is entitled to contact information of the employee, but has not presented a developed argument regarding the relevance of the other personal and confidential information potentially contained within the file. Accordingly, the Court concludes that the entirety of the personnel file need not be produced. However, any information within the file that

could be used to locate the employee must be produced, including current or former home addresses, reference information for people who know the employee, emergency contact information, and any other information that may assist in determining how to contact the employee. Information such as discipline and training should not be provided to Plaintiff.

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** Plaintiff's Motion to Compel [DE 53]. The Court **ORDERS** Defendant to provide the employee information as described above, but not the entire personnel file. Because the motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ P. 37(a)(5)(C). In this case, because the question was fairly close and both parties were partially successful, the Court determines that each party is to bear its own expenses and will not order additional briefing.

The Court *sua sponte* **ORDERS** that the fact discovery deadline is extended through **April 30, 2019**, for the sole purpose of obtaining contact information for and holding the deposition of the employee, and the deadline for Plaintiff to file an amended response to the pending motion for summary judgment, if necessary, is extended to **May 15, 2019**, with a reply to be filed by **May 30, 2019**.

SO ORDERED this 27th day of March, 2019.

                                                         s/ John E. Martin
                                                         MAGISTRATE JUDGE JOHN E. MARTIN
                                                         UNITED STATES DISTRICT COURT

cc:    All counsel of record