# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

CHRISTIAN BALDERAS,     )
       Plaintiff,     )
           )
       v.     )     CAUSE NO.: 2:17-CV-270-JEM
           )
TARGET CORPORATION,     )
       Defendant.     )

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 31], filed November 1, 2018, and Defendant's Motion to Strike [DE 67], filed May 30, 2019.

## I.    Procedural Background

On June 23, 2017, Plaintiff's Complaint, initially filed in state court on May 3, 2017, was removed to this Court. It includes a single personal injury claim, alleging that Plaintiff slipped and was injured in a Target store as a result of Defendant's negligence.

The instant motion for summary judgment was filed on November 1, 2018. After several extensions of time to allow for completion of discovery, Plaintiff filed a response on May 16, 2019. Defendant filed its reply on May 30, 2019, along with the instant motion to strike. On June 13, 2019, Plaintiff filed a response to the motion to strike and on June 20, 2019, Defendant filed a reply.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.    Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

## III.    Undisputed Material Facts

On March 18, 2016, Plaintiff slipped and fell at the Target store in Munster, Indiana. Plaintiff reported that he slipped on an unknown, slippery substance and injured his knee when he fell. He stated that it "looked like cake or some kind of dessert, or something, some like slippery substance

on the floor." Balderas Dep. 58:1-6 [DE 33]. The friend who was with him testified that he saw, immediately after Plaintiff fell, what "seemed like some type of dessert" on the floor where Plaintiff slipped. Gomez Dep. 14:12-20 [DE 33]. An employee, Devante Hillard-Lawhon, drafted a Team Member Witness Statement at 10:30 p.m. on March 18, 2016. He reported that he had been in the area before the incident, at around 10:17 p.m., and saw a "streak of clear, dried up substance. Looked like some type of food was in the substance." Def. Ex. B [DE 65-3]. He also reported that when he arrived at the scene after the incident, he saw a "clear dry substance, seemed to be fruit or something wasted." Target documents report that Plaintiff slipped at approximately 10:24 or 10:25 p.m., less than 10 minutes after Hillard-Lawhon stated that he had seen the substance on the floor. Target employees are trained to watch for hazardous conditions and debris on the premises and to address them.

## IV. Analysis

### A. <u>Motion to Strike</u>

Defendant argues that portions of Plaintiff's designated evidence and the parts of the brief that rely on them should be stricken as inadmissible hearsay and unauthenticated exhibits. Plaintiff argues that all of the evidence in question is admissible.

Defendant argues that Plaintiff's Exhibit B, the written statement of Devante Hillard-Lawhon, is offered to prove the truth of its contents and is inadmissible hearsay because it has not been authenticated and has not been shown to be a business record. Plaintiff asserts that the document is admissible under several of the hearsay exceptions. Plaintiff's Exhibit B is titled "Team Member Witness Statement" and is the report of Devante Hillard-Lawhon made after Plaintiff fell, indicating that at 10:17 he had seen "a streak of clear, dried up substance. Looked like some type

of food" in the area of the incident, and that when he arrived after Plaintiff slipped, he saw "clear dry substance, seemed to be fruit or something wasted" on the ground near the location of Plaintiff's fall. It was provided by Defendant in the course of discovery.

Plaintiff argues that the statement is admissible as the statement of a party opponent, an admissible business record, a recorded recollection, and to show his testimony at trial. Defendant argues that the document has not been authenticated as a business record and therefore is inadmissible. Defendant provided the document to Plaintiff in discovery. Defendant's Rule 30(b)(6) deponent testified that Hiollard-Lawhon was the team member to whom Plaintiff reported the incident and that he completed a statement that was part of the investigation kit, information that was completed as a business practice after an incident in the store. Rivera Dep. 50-51 [DE 68-1]. The Court finds that the document is admissible as a business record under the exception "when the party challenging the document's admissibility . . . 'conceded the accuracy of the documents that the [opposing party] sought to introduce.'" *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777-78 (7th Cir. 2006) (quoting *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir.2000); citing *Cerqueira v. Cerqueira*, 828 F.2d 863 (1st Cir.1987)) (concluding that a document not authenticated by affidavit was a business record where it was produced by the challenging party in discovery, it was undisputed that the type of document was created in the normal course of business, and there is sufficient indicia of trustworthiness). In addition, the document is admissible as an opposing party's statement under Rule 801, since it "is offered against an opposing party and . . . made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D); *see also Mister v. Ne. Ill. Commuter R.R. Corp.*, 571 F.3d 696, 698 (7th Cir. 2009). In this case, sufficient "evidence has been introduced from which a reasonable juror could

find that the document is authentic," *Thanongsinh*, 462 F.3d at 779: a witness statement drafted by a Target employee as part of the incident reporting. Likewise, challenged Plaintiff's Exhibit C, the Electronic Incident Report, is also admissible. Defendant produced the record in discovery, and Defendant's representative testified that she created the document as part of her job duties and that it is an accurate copy. Rivera Dep. 39:6-24. Exhibit F, the Team Member Witness Statement drafted by Daniel Cebulski, also challenged by Defendant, is also a business record and statement of a party opponent.

Defendant also moves to strike portions of the deposition transcripts of its representatives. Defendant argues that Rivera and Cebulski did not have personal knowledge of the time of the incident, so the depositions cannot be used to demonstrate the time that Plaintiff slipped. However, Rivera and Cebulski were each "designated as a witness under Fed. R. Civ. P. 30(b)(6), which authorized [them] to testify not only to matters within [their] personal knowledge but also to 'matters known or reasonably available to the organization.'" *PPM Fin., Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894-95 (7th Cir. 2004). The Court recognizes that "the purposes underlying Rule 30(b)(6) must be balanced against the real dangers of admitting testimony based on hearsay." *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011). In this case, the corporate designees testified that it was the position of the corporation that the time of the slip and fall was approximately 10:24 or 10:25 p.m. Rivera Dep. 129:8-12. Daniel Cebulski testified that his knowledge of the time of the event came from Daisy Rivers. Cebulski Dep. 23:4-7 [DE 65-6]. His statement therefore cannot be used for the definitive truth of the time Plaintiff slipped, but can be used to indicate the information used by the business.

Accordingly, the exhibits to which Defendant objects will not be stricken.

B.      <u>Summary Judgment</u>

Defendant argues that it is entitled to summary judgment because Plaintiff has no evidence that Defendant had actual or constructive notice of a dangerous condition on Target's premises. Plaintiff argues that Hiollard-Lawhon's statement that there was a substance on the floor in the area of the incident a few minutes before Plaintiff slipped is sufficient evidence that Target had constructive knowledge of a dangerous condition and its failure to clean it up or warn Plaintiff of its presence was negligent.

To prevail on a claim for negligence, a plaintiff must establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused the injury to the plaintiff. *Harradon v. Schlamandinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). At trial, the plaintiff bears the burden of proving that there was negligence, and "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, *on each element* must be designated to the trial court. However, an inference is not reasonable when it rests on no more than speculation or conjecture." *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (citing *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind.Ct.App.1993); *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind.Ct.App.1993)). Accordingly, "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991); *see also Ogden Estate v. Decatur Cnty. Hosp.*, 509 N.E.2d 901, 903 (Ind. Ct. App. 1987) ("Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.") (quotation omitted). "Similarly, causation may not be inferred merely from the

existence of an allegedly negligent condition." *Midwest Commerce Banking*, 608 N.E.2d at 1013.

As a Target customer, Plaintiff was a "business visitor," that is, "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991) (quoting Restatement (Second) of Torts § 332 (1965). Target, as the landowner, owed "the highest duty of care to an invitee, that duty being to exercise reasonable care for the invitee's protection while he is on the premises." *Christmas v. Kindred Nursing Centers Ltd. P'ship*, 952 N.E.2d 872, 880 (Ind. Ct. App. 2011). It is therefore

> subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, [it:]
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Burrell*, 569 N.E.2d at 639-40 (quoting Restatement (Second) of Torts § 343 (1965)); *see also, e.g., Harradon*, 913 N.E.2d at 301. "Allowing the existence of a hazardous substance on the floor of a business can be a breach of the duty to exercise reasonable care." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1088 (7th Cir. 2018) (citing *Barsz v. Max Shapiro, Inc.*, 600 N.E.2d 151, 153 (Ind. Ct. App. 1992)).

In this case, viewing the facts in the light most favorable to the non-moving party, Plaintiff slipped on a substance that was on the floor in Target and was injured. Defendant knew of the condition approximately 7-8 minutes prior to the injury, but did not clean it up or place any warning signs around the substance. Defendant's corporate representative testified that it is Target policy that employees view the floor while they are performing their other responsibilities, and if they see

something on the floor that should not be there, they are responsible for taking care of it or alerting someone else of the need to clean it up. Rivera Dep. 131:1-19. The Court concludes that it is appropriate for a jury to determine whether Defendant exercised reasonable care in keeping the Target floor safe and whether an employee's knowledge of a spill and failure to clean it or place a warning in the approximately 7-8 minutes before the incident was sufficiently diligent. *See, e.g., Barsz*, 600 N.E.2d at 153-54 ("Drawing all inferences in the light most favorable to the Barszes, the conclusion that Mrs. Barsz has raised a genuine issue of material fact concerning the existence of an object on or defect in Shapiro's floor is inescapable. . . . Whether, under these circumstances, Shapiro's was diligent enough in ensuring a reasonably safe floor is a factual issue to be resolved by the trier of fact.").

## V.     Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion for Summary Judgment [DE 31] and Defendant's Motion to Strike [DE 67]. A status conference to set this matter for trial will be set by separate order.

SO ORDERED this 2nd day of August, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record